**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

WILLIE WELLS                                                           PLAINTIFF

V.                                    3:12CV00021 JMM/JTR

COURTNEY MALONE, Detention Officer;
and DOES, Unknown Nurses,
Crittenden County Detention Facility                          DEFENDANTS

## ORDER OF DISMISSAL

Plaintiff, Willie Wells, was a pretrial detainee at the Crittenden County
Detention Facility (CCDF) when he commenced this *pro se* § 1983.  *See* docket entry
#2.  In late February of 2012, Plaintiff was released from custody without paying any
of the $350 filing fee or providing a forwarding address.  *See* docket entry #11.

Accordingly, on March 2, 2012, the Court entered an Order giving Plaintiff
thirty days to file: (1) a freeworld *In Forma Pauperis* Application; and (2) a Statement
indicating that whether he wanted to continue with this lawsuit. *See* docket entry #14.
Importantly, the Court advised Plaintiff that the failure to timely and properly do so
would result in the dismissal of his case, without prejudice, pursuant to Local Rule
5.5(c)(2).[1]  *Id.*

---

[1] Local Rule 5.5(c)(2) provides that: "It is the duty of any party not represented
by counsel to promptly notify the Clerk and the other parties to the proceedings of any

As of the date of this Order of Dismissal, Plaintiff has failed to comply with the Court's March 2, 2012 Order, and the time for doing so has expired.[2]

IT IS THEREFORE ORDERED THAT:

1.      Pursuant to Local Rule 5.5(c)(2), this case is DISMISSED, WITHOUT PREJUDICE, due to Plaintiff's failure to timely and properly comply with the Court's March 2, 2012 Order.

2.      The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

Dated this ___5___ day of April, 2012.

_____
UNITED STATES DISTRICT JUDGE

_____

change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.* Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." (Emphasis added.)

[2] Plaintiff did not receive the March 2, 2012 Order, which was mailed to his last known address at the CCDC. *See* docket entry #23. However, Plaintiff previously received a February 3, 2012 Order explaining his obligations under Local Rule 5.5(c)(2), and the consequences if he failed to meet those obligations. *See* docket entry #3.